UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ZAYAS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SAN MATEO MEDICAL CENTER,<br><br>　　　　　Defendant. | Case No. 24-cv-01518-HSG<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 31, 33 |

Pending before the Court are Plaintiffs' motions for reconsideration, Dkt. Nos. 31 and 33.[1] In March 2024, Plaintiffs filed a lawsuit alleging that their child was kidnapped at the San Mateo Medical Center in 2017. Dkt. No. 1 at 7–8. Judge Ryu recommended the complaint be dismissed as untimely because the complaint was filed outside the two-year statute of limitations governing Plaintiffs' claims. Dkt. No. 26 at 1–2. The Court adopted the report and recommendation in full and dismissed the complaint as untimely. Dkt. No. 29 at 1. In their motions for reconsideration, Plaintiffs appear to argue that they filed their claims with Judge Donato at some point earlier but were never heard, and they urge the Court to give them an opportunity to be heard. Dkt. No. 31 at 1–2.

Since Plaintiffs do not specify, the Court construes Plaintiffs' motions as motions for reconsideration under Federal Rule of Civil Procedure 59(e) and Rule 60(b). Rule 59(e) permits motions to alter or amend judgment if they are filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).[2] The Ninth Circuit has clarified that Rule 59(e) motions may

---

[1] Dkt. No. 33 is a refiled version of Dkt. No. 31 and does not contain any unique argument.

[2] Here, Plaintiffs properly filed their first motion only 16 days after the judgment. *See* Dkt. No. 30 (Nov. 4 judgment); Dkt. No. 31 (Nov. 20 motion).

only be granted in limited circumstances: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Rule 60(b), in turn, permits a party to seek relief from a final judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by reasonable diligence could not have been discovered sooner; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "catchall provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 593 F.3d 790, 797 (9th Cir. 2010) (quotation omitted).

Plaintiffs have failed to make the showing required under Rule 59(e) or Rule 60(b). The Plaintiffs appear to be referencing the case they successfully filed with Judge Donato in 2022, which was promptly dismissed. *See* Order Dismissing Case, *Zayas et al v. San Mateo Med. Ctr.*, No. 3:22-cv-00766-JD (N.D. Cal Feb. 15, 2022), Dkt. No. 5. It is not clear how any filings in that case—itself filed five years after the events at issue—would make the claims here timely. Plaintiffs already raised these arguments in their objections, which this Court previously considered. *See* Dkt. No. 28. Plaintiffs do not otherwise explain why the claims that were before this Court were timely, nor do they provide this Court with any new information. Accordingly, the Court **DENIES** Plaintiffs' motions, Dkt. Nos. 31 and 33.

**IT IS SO ORDERED.**

Dated: 11/25/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge